IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF OHIO
LABORERS' FRINGE BENEFIT
PROGRAMS,

        Plaintiffs,

  vs.                                    Civil Action 2:13-cv-476
                                             Magistrate Judge King

A2 SERVICES, LLC, dba
GENEVA PIPELINE,

        Defendant.

## OPINION AND ORDER

Plaintiffs Boards of Trustees of Ohio Laborers' Fringe Benefit Programs filed this action on May 17, 2013, seeking the recovery of contributions and the filing of reports allegedly due employee benefit plans. Plaintiffs assert claims under ERISA, 29 U.S.C. § 1132 and 29 U.S.C. § 185. This matter is now before the Court, with the consent of the parties pursuant to 28 U.S.C. § 636(c), for consideration of the motion for a protective order filed by defendant A2 Services, LLC, dba Geneva Pipeline. *Motion to Quash and for Protective Order* ("*Defendant's Motion*"), Doc. No. 12. Plaintiffs oppose *Defendant's Motion*. *Plaintiffs' Memorandum Contra Defendant's Motion to Quash and for Protective Order* ("*Plaintiffs' Response*"), Doc. No. 13. Defendant has not filed a reply. For the reasons that follow, *Defendant's Motion* is **DENIED**.

*Defendant's Motion* seeks a protective order to "prohibit[] [plaintiffs] from pursuing any discovery at this time." *Defendant's Motion*, p. 1. Specifically, defendant "prays for an order quashing

1

Plaintiffs' Notice of Deposition [for an officer of defendant] and Request for Production of Documents and/or for a protective order." *Id*. at p. 11.  Noting that plaintiffs' claims relate only to "unpaid contributions to employee benefit trusts from the date of March 1, 2013 and failure to provide certain reports to the Plaintiffs," *id*. at p. 3,  defendant argues that the discovery requests are unnecessary and "can only be construed as an attempt to harass, annoy, embarrass and cause undue burden and expense" because "all reports are current" and the "reports provide all information relating to the claims in this action."  *Id*. at pp. 3-5.  Defendant also argues that plaintiff's document requests seek irrelevant and confidential information.  *Id*. at pp. 5-10.

Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Relevance for discovery purposes is extremely broad, *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998); "[t]he test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence."  *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).

However, Rule 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  "The burden of establishing good cause for a protective order rests with the movant."  *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001) (citing *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d

2

1204, 1212 (8th Cir. 1973)). "To show good cause, a movant for a protective order must articulate specific facts showing 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements." *Id*. (quoting *Avirgan v. Hull*, 118 F.R.D. 252, 254 (D.D.C. 1987) (internal quotation marks omitted)). Finally, the grant or denial of a protective order falls within "'the broad discretion of the district court in managing the case.'" *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 903-04 (6th Cir. 2009) (quoting *Lewelling v. Farmers Ins. of Columbus, Inc.*, 879 F.2d 212, 218 (6th Cir. 1989)).[1]

In the case presently before the Court, plaintiffs seek to depose an officer of defendant and the production of defendant's "payroll records . . . from March 1, 2013 through the date of production, including but not limited to [seven specific categories of documents]." *Notice of Deposition and Request for Production of Documents*, attached to *Defendant's Motion* as Doc. No. 12-2, at p. 2. Defendant argues that this discovery is unnecessary because defendant's "reports" are now current and plaintiff can therefore determine the amount of "allegedly unpaid contributions" based on those reports. *See, e.g.*, *Defendant's Motion*, pp. 3-4. Defendant also argues that, because its reports are now current, plaintiff's "discovery requests and attempts to depose an officer of the Defendant can only be construed as an attempt to harass, annoy, embarrass and

---

[1] The party seeking a protective order must also certify that it "has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). This prerequisite has been met here.

cause undue burden and expense." *Id*. at p. 5.  Discovery should be prohibited, defendant argues, because its reports are "more convenient, less burdensome, and less expensive." *Id*. at p. 3.  *See also id*. at p. 8 ("The discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.  All information necessary, and relevant to the Complaint, can be gleaned from the reports, which are current.").  Defendant also argues that plaintiffs' ability to calculate unpaid contributions based on defendant's reports renders the requested documents irrelevant.  *Id*. at pp. 3-4.  The requests are also irrelevant, defendant argues, because they seek documents related to work that is not governed by the parties' collective bargaining agreement and for which defendant is not obligated to make contributions.  Defendant's arguments are without merit.

    The Court has reviewed each category of documents requested by plaintiffs and concludes that the requests seek the production of relevant information; the requests are likely to lead to the discovery of admissible evidence related to the identification and collection of allegedly unpaid contributions owed by defendant.  Plaintiffs' claims remain pending and unresolved. The fact that defendant believes that plaintiffs can calculate unpaid contributions from defendant's recently produced reports will not serve to insulate defendant from the normal litigation process, including discovery of the documents and information utilized by defendant to compile the reports.

Plaintiffs' request for production of documents and the deposition of defendant's officer are not unreasonably cumulative or duplicative.

Although Rule 26 permits a court to issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1), it does not require that discovery be limited to only that deemed appropriate by the opposing party. This is especially true where, as here, the party seeking a protective order has offered only conclusory statements unsupported by specific evidence of a clearly defined and serious injury caused by the discovery sought.

Defendant also seeks a protective order to protect "confidential information" that "could be shared with competitors and clients of Plaintiff." *Id*. at pp. 9-10. Specifically, defendant argues that "[m]uch of the information requested [by plaintiffs] involves pricing data, client contacts, customer information, contractual relationships with third parties and extremely sensitive confidential business information[.]" *Id*. Plaintiffs contend, and defendant does not disagree, that defendant did not raise the issue of confidentiality prior to filing *Defendant's Motion*. *Plaintiffs' Response*, p. 5. Nevertheless,

> Plaintiffs agree to the Defendant redacting any proprietary information in the documents produced such as any information as to pricing; and the defendant [sic] agrees not to disclose such documents to third parties other than as may be necessary as evidence in this [case].

*Id*. The Court concludes that defendant's redaction of proprietary information contained in the requested documents and plaintiffs'

5

representation that it will limit their use of information obtained during discovery will adequately protect defendant's confidentiality concerns.  Should a dispute in this regard later arise, and if the parties are unable to resolve that dispute, they may request an informal telephone conference with the Court.[2]

Based on the foregoing, *Defendant's Motion*, Doc. No. 12, is **DENIED**.

The pendency of *Defendant's Motion* and the resolution of that motion necessitate an extension of the pretrial schedule in this case. *See Order*, Doc. No. 15.  Counsel for the parties are **DIRECTED** to confer and to file, no later than November 1, 2013, a proposed revised pretrial schedule that addresses:

- The date by which motions or stipulations to amend the pleadings must be filed;

- The date by which all discovery must be completed; and

- The date by which dispositive motions, if any, may be filed.


October 18, 2013                               *s/Norah McCann King*
                                            Norah M$^c$Cann King
                                       United States Magistrate Judge

---

[2] The Court suggests that the parties attempt to agree on terms of a proposed protective order.